IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROY LEE SMITH                                                                    PETITIONER

VS.                CASE NO. 5:15CV00234 BSM/PSH

WENDY KELLEY, Director of the
Arkansas Department of Correction                      RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

On July 27, 2015, Roy Lee Smith ("Smith") filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. §2254. He is currently in the custody of the Arkansas Department of Correction (ADC) due to his 2009 convictions for possession of cocaine with intent to deliver, possession of marijuana with intent to deliver, and unauthorized use of property to facilitate crime. The convictions followed a jury trial in Arkansas County Circuit Court. He was sentenced to a term of 960 months of imprisonment. In his direct appeal, Smith challenged the sufficiency of the evidence to support his convictions for possession of cocaine with intent to deliver and unauthorized use of property to facilitate a crime, and he also appealed the denial of his motions to suppress the fruits of a search and for a continuance. The Arkansas Court of Appeals affirmed the convictions.

*Smith v. State*, 2011 Ark.App. 110.

Smith subsequently sought Rule 37 relief, alleging his trial attorney was ineffective in numerous ways. After conducting a hearing, the trial court denied Smith's requested relief on September 2, 2011. Smith failed to file a timely notice of appeal. He filed a *pro se* motion for belated appeal on June 13, 2012. In this motion, Smith claimed he informed his attorney of his desire to appeal the trial court's denial of his Rule 37 petition, but the attorney failed to file a notice of appeal. The Arkansas Supreme Court remanded for the trial court to gather evidence on whether Smith informed his attorney of the desire to appeal. After an October 2012 evidentiary hearing, the trial court found Smith indeed had informed his attorney that he wanted to appeal the denial of his Rule 37 petition. As a result, the Arkansas Supreme Court, on April 18, 2013, granted Smith's motion for belated appeal.

Smith's Rule 37 appeal alleged that the trial court erred in denying his petition. Specifically, Smith argued that his trial attorney was ineffective because he refused to strike a juror, failed to properly move for a continuance, and failed to challenge the execution of a search warrant. The Arkansas Supreme Court affirmed the trial court's findings denying relief in an April 16, 2015, opinion.

Smith's federal habeas corpus petition, filed on July 27, 2015, advances the following claims for relief:

1. The affidavit for the search warrant was lacking in reference to time, and was stale. The trial court's ruling to the contrary was clearly against the preponderance of the evidence;

2. The trial court erred in denying Smith's motion to suppress evidence where an accumulation of errors was raised as to the search warrant, its execution, and the supporting affidavit;

3. The trial court erred in refusing to grant Smith's request for a continuance to secure a key defense witness;

4. The trial court erred in failing to grant Smith's motion for a directed verdict based

       upon insufficiency of the evidence;

5.     There was insufficient evidence presented at trial to support a finding of guilt for the charge of unauthorized use of another person's property to facilitate certain crimes; and

6.     Trial counsel was ineffective "due to the five grounds previously enumerated" in Smith's petition.

Respondent Wendy Kelley ("Kelley"), in her amended response, contends the statute of limitations bars consideration of all of the claims. *Docket entry no. 13*. Smith was informed by the Court of his opportunity to address this contention, and he submitted a responsive pleading on October 26, 2015. *Docket entry no. 19*. Prior to addressing the merits of any claims, we first consider if the petition for writ of habeas corpus is barred by the statute of limitations.

**Statute of Limitations:** Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The key dates behind Kelley's argument are as follows:

\* February 9, 2011 – Smith's direct appeal is denied.

* February 27, 2011 – Smith's conviction is final, as Smith did not seek review or rehearing in the allotted eighteen days after the Arkansas Court of Appeals' opinion. The limitations period begins.

* May 2, 2011 – Smith timely files a Rule 37 petition, 63 days after the limitations period began to run.

* September 2, 2011 – Smith's Rule 37 petition is denied, and no timely notice of appeal is filed following this ruling.

* June 13, 2012 – Smith files a motion for belated appeal.

* April 18, 2013 – Smith's motion for belated appeal is granted by the Arkansas Supreme Court.

* April 16, 2015 – Smith's Rule 37 proceeding concludes when the Arkansas Supreme Court affirms the trial court's denial of relief.

* July 27, 2015[1] – Smith files his petition for federal habeas corpus relief.

Kelley offers two ways to calculate the time which elapsed outside of the limitations period, keeping in mind that the time during which a properly filed Rule 37 petition was pending does not count toward the limitation period. 28 U.S.C. § 2244(d)(2). First, Kelley submits that Smith was late in filing his federal petition because 63 days passed between the date his conviction became final and the date the Rule 37 petition was filed; plus 564 days passed between the trial court's denial of the Rule 37 petition and the Arkansas Supreme Court's granting the belated appeal; and 95 days passed between the Arkansas Supreme Court's denial of Rule 37 relief and the filing of Smith's federal action; for a total of 722 days.

Alternatively, Kelley asserts that Smith should be charged with the previously cited 63 and 95 day segments, plus the 285 days between the trial court's denial of Rule 37 relief and Smith's filing of his motion for belated appeal. The sum of these three segments is 443 days, which also

---

[1]The habeas corpus petition was dated July 21, 2015, though not filed until July 27. For purposes of limitations calculation we use the date the petition was signed and presumably delivered to prison authorities. This is in accord with the "prisoner mailbox rule" as described in *Houston v. Lack*, 487 U.S. 266, 272 (1988), and codified in Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts.

exceeds the allotted time in which to file a timely petition.

While Kelley's calculations are mathematically correct, there is a strong equitable argument for a third approach to the equation. The trial court denied Rule 37 relief on September 2, 2011. When the Arkansas Supreme Court granted the belated appeal on April 18, 2013, the case was remanded for a determination of whether Smith directed his attorney to file an appeal from the September 2, 2011, ruling. On remand, Smith successfully established he directed his attorney to file an appeal. This factual finding by the trial court is presumed correct. 28 U.S.C. § 2254(e)(1). Had Smith's attorney done as requested and appealed the September 2, 2011 trial court ruling, the time between a timely filed notice of appeal and the Arkansas Supreme Court's ruling on the appeal would not have counted against Smith in calculating the limitations period. 28 U.S.C. § 2244(d)(2). The Court believes that Smith should not be punished for his attorney's failure to do as directed. Therefore, the time between September 2, 2011 and April 16, 2015, when the Rule 37 appeal terminated, should not be counted against Smith. Smith timely filed his habeas corpus petition, as he is charged only with the 63 days between his direct appeal and the filing of his Rule 37 petition, and the 95 days between the conclusion of his Rule 37 appeal and the filing of his federal petition. This total of 158 days renders his federal habeas corpus petition timely.

We now consider the merits of Smith's claims.[2]

**Claims 1 and 2 – Challenges to the issuance and execution of the search warrant:** Claims 1 and 2 are challenges to trial court rulings regarding the issuance and execution of the search warrant of Smith's apartment and vehicles. These claims rest on Fourth Amendment principles. In the context of habeas corpus litigation, any inquiry into a Fourth Amendment claim is limited by the Supreme Court decision in *Stone v. Powell*, 428 U.S. 465 (1976). This case holds that the U.S. Constitution does not require that a state prisoner be granted federal habeas corpus relief on his Fourth Amendment claims if the state has provided an opportunity for the full and fair

---

[2]Kelley contends claim 5 should be dismissed because it is procedurally barred due to Smith's failure to adequately raise and fully pursue this claim in state court. We find it more efficient to proceed to the merits of this claim rather than engage in what is often a protracted procedural default analysis. *See McKinnon v. Lockhart*, 921 F.2d 830, 833 n.7 (8th Cir. 1990).

litigation of these claims. *See also Lee v. Lockhart*, 754 F.2d 277 (8th Cir. 1985). "It is the existence of state processes allowing an opportunity for full and fair litigation of a fourth amendment claim, rather than a defendant's use of those procedures, that bars federal habeas corpus consideration of such claims." *Lenza v. Wyrick*, 665 F.2d 804, 808 (8th Cir. 1981). Here, Smith does not allege that the state system was defective or failed to provide the opportunity for him to fully and fairly litigate his Fourth Amendment claims. Not only was an opportunity provided, but Smith utilized the opportunity, obtaining a pre-trial hearing on his Fourth Amendment claims and pursuing these claims in his direct appeal. *Smith v. State*, 2011 Ark.App. 110. These claims are, accordingly, barred from our review and should be dismissed on that basis.

**Claim 3 – The trial court erred in refusing to grant Smith's request for a continuance to secure a key defense witness:** Just prior to trial, Smith identified Roderick Frye as a "key witness" and requested a continuance to secure Frye's presence. (Tr. 74-75). Smith claimed he had looked for Frye, and that the Sheriff's Office, police department, and process server had also searched for Frye, to no avail. (Doc. 11-4 at 3). Smith claimed Frye's testimony was relevant concerning crack cocaine and powder cocaine found in the trunk of his 2000 Buick when the search warrant was executed. Smith argues that Frye had been seen at the rear of the Buick with the trunk open several weeks before the search warrant was executed. He believed that such evidence would establish that others may have had opportunity to put drugs in the trunk. (Doc. 13-20 pp. 7-8.) The trial judge denied the motion. On direct appeal, the Arkansas Court of Appeals addressed this claim:

> . . . Smith argues that the trial court erred in refusing to grant his request for a continuance to allow for more time to secure the missing witness. In his brief, Smith claimed that this witness would have testified that he saw the vehicle's trunk open with no one near it about one month before the police executed the search warrant. He claims that the trial court did not allow him to expound on the materiality of his missing witness and that the failure to do so prejudiced him.
>     A motion for continuance should be granted only upon a showing of good cause. When considering a motion for continuance based upon a missing witness, a court should consider (1) the diligence of the movant; (2) the probable effect of the testimony at trial; (3) the likelihood of procuring the attendance of the witness in the event of a postponement; and (4) the filing of an affidavit, stating not only what facts the witness would prove but also that the appellant believes them to be true. The decision to grant or deny a continuance lies within the discretion of the trial court, and this court is not to reverse that decision absent an abuse of discretion. An appellant must also show prejudice that amounts to a denial of

>   justice.
>   We cannot say that the trial court abused its discretion in denying the motion for continuance. Arguably, remarks from Smith and counsel show that they did exercise some diligence in attempting to locate the missing witness. But Smith made his motion just before trial was set to begin (as opposed to days before), and there is nothing in the record to suggest that Smith or the attorney would have been able to procure the missing witness's testimony. Finally, both Smith and his attorney stated before the court that they were otherwise ready for trial. Under these facts, we affirm the denial of the motion for continuance.

*Smith v. State*, 2011 Ark.App. 110.

When the state court has ruled on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). The United States Supreme Court offers guidance in interpreting the statute:

>   A state court decision will be "contrary to" our clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in our cases," or "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." A state court decision will be an "unreasonable application of" our clearly established precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."
>   . . . Distinguishing between an unreasonable and an incorrect application of federal law, we clarified that even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (citations omitted). Here, Smith fails to establish that the decisions of the Arkansas trial and appellate courts regarding the motion to continue were contrary to federal law or an unreasonable determination of the facts. He cites no federal case to support his alleged due process[3] violation. In addition, he fails to show the state courts

---

[3]Smith's challenges to particular rulings by the trial court are liberally construed as claims that he was denied due process. In order to establish a denial of due process, Smith must prove the asserted error was so gross, conspicuously prejudicial, or otherwise of such magnitude that it fatally infected the trial and failed to afford the petitioner the fundamental fairness which is the essence of due process. This Court considers a due process argument by reviewing the totality of the facts and evaluating the fairness of the particular trial under consideration. *Maggitt v. Wyrick*, 533 F.2d 383 (8th Cir. l976). See also *Kennedy v. Kemma*, 666 F.3d 472, 481 (8th Cir. 2012).

unreasonably applied the law to the facts of his case. Although Smith describes Frye as a key witness, by his own account Frye's purported testimony would have added little to the trial. Accepting as true the assertion that Frye would have testified that he saw the trunk of Smith's car open with no one near it weeks before the execution of the search warrant, it does not follow that the jury would, or could, have attached any significance to such testimony. We have carefully reviewed the transcript of the trial, including the pre and post trial hearings. The prosecutor elicited testimony at trial showing Smith co-owned the Buick[4] with his mother, he was regularly observed driving the vehicle, and the vehicle was parked outside his apartment "a couple of dozen times." (Tr. 253, 281, 325, 327). Given this evidence, it is not clear how the testimony of Frye would have assisted Smith in distancing him from the substantial amount of cocaine located in the trunk of his Buick. If Frye's testimony was intended to suggest that someone other than Smith placed the cocaine in the Buick, the timing (one month before the search), the lack of specificity (no testimony of seeing someone place items in the trunk), and the absence of any motive for placing valuable drugs in Smith's car show the purported testimony would not have accomplished this goal, and it would not have affected the trial's outcome. The trial court correctly denied the motion for continuance. It follows that no error of constitutional magnitude occurred, and there is no merit to the third claim for relief.

**Claim 4 – The trial court erred in failing to grant Smith's motion for a directed verdict based upon insufficiency of the evidence:** Smith alleges his conviction for possession of cocaine with intent to deliver is not supported by sufficient evidence. This claim was advanced on his direct appeal, and addressed by the Arkansas Court of Appeals:

> Smith challenges the sufficiency of the evidence to support the convictions for possession of a controlled substance with intent to deliver and unauthorized use of property to facilitate certain crimes. For the possession conviction, he contends that the State failed to show that he exercised control and care of the drugs found in the trunk of the Buick. For the unauthorized-use conviction, he asserts that the State failed to connect him to any of the marijuana or cash found in his apartment.

---

[4]The vehicle was described by a local police officer, Jason Sandine, as "very unique" with big shiny wheels. (Tr. 325, 327).

> Though they are listed as his third and fourth points in his brief, we address challenges to the sufficiency of the evidence before addressing any other argument on appeal. When considering a challenge to the sufficiency of the evidence to support a conviction, we consider the evidence in the light most favorable to the State, considering only the evidence in favor of the guilty verdict, and affirm if the conviction is supported by substantial evidence. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. We make no distinction between circumstantial and direct evidence when reviewing for sufficiency of the evidence. But for circumstantial evidence to be sufficient, it must exclude every other reasonable hypothesis consistent with innocence. The question of whether it does is for the trier of fact to decide.
>
> In arguing that the State failed to show that he possessed the crack cocaine found in his car, Smith contends that there was conflicting testimony as to whether he owned the car, that there were no fingerprints found on the package, and that the car was registered to another person. He asserts that the evidence supporting the conviction was insufficient to establish the conviction, given that no one who testified at trial saw him in actual possession of the drugs or testified as to how recently they saw him drive the automobile.
>
> It is not necessary for the State to prove literal physical possession of contraband; constructive possession is sufficient. To prove constructive possession, the State had to show that Smith exercised care, control, and management over the contraband. Constructive possession can be implied where the contraband was found in a place immediately and exclusively accessible to the accused and subject to his control. It may also be established by circumstantial evidence.
>
> Here, the circumstantial evidence supports a finding that Smith constructively possessed the cocaine. Though the car was registered jointly in his and his mother's name, the car was parked in front of his apartment, and the keys were found inside his apartment. On a rental application, he claimed the car as his own. And officers saw him drive the car on multiple occasions. This is substantial evidence that he exercised care, control, and management over the car and the contents therein, including the cocaine. We affirm on this point.

*Smith v. State*, 2011 Ark.App. 110.

As with claim 3, when the state court has ruled on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2).

Here, Smith does not plead or prove that the Arkansas court ruling on the sufficiency of the evidence was contrary to, or involved an unreasonable application of, clearly established federal law. Although the state Supreme Court did not specifically cite federal law, that failure

is not problematic as neither the court's reasoning nor result contradicts federal law. *See Cox v. Burger*, 398 F.3d 1025, 1030 (8th Cir. 2005). The applicable federal law requires the court to ask if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) [emphasis in original]. The Arkansas Supreme Court's ruling on sufficiency of the evidence is consistent with, and a reasonable application of the *Jackson v. Virginia* standard.

Smith has also not shown that the adjudication of the claim by the Arkansas Court of Appeals resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. The record establishes ample evidence of Smith's guilt. We have thoroughly reviewed the trial record and find the evidence meets and exceeds the requirements of *Jackson v. Virginia*. There is no merit in Smith's fourth claim for relief.

**Claim 5 – There was insufficient evidence presented at trial to support a finding of guilt for the charge of unauthorized use of another person's property to facilitate certain crimes:** As previously noted, Kelley alleges this claim is procedurally barred due to Smith's failure to adequately raise the claim in state court. We have chosen to address the merits of the claim. Smith correctly describes the nature of the charge as an allegation that he used "a rented apartment unit to possess controlled substances with intent to deliver them." Docket entry no. 3, page 17. According to Smith, the conviction is flawed because there was no testimony that the marijuana found in his apartment belonged to him.

The evidence at trial established that the apartment was leased to Smith at the time the search warrant was executed. (Tr. 313-314). The marijuana charged was located in a bowl atop the television in Smith's bedroom. (Tr. 270). Law enforcement officers also located two bank cards in Smith's name as well as a bill mailed to Smith in the apartment. (Tr. 270). Just as the principle of constructive possession applied to the evidence of cocaine in the Buick, it applied to the marijuana in the apartment. The jury could find that Smith constructively possessed the marijuana by exercising care, control, and management of the apartment where the marijuana

was found. There is no merit to his challenge to the evidence supporting his conviction for unauthorized use of another's property to facilitate a crime.

**Claim 6 – Trial counsel was ineffective "due to the five grounds previously enumerated" in Smith's petition:** In his Rule 37 petition, Smith asserted his trial attorney was ineffective for refusing to strike a juror, for failing to properly move for a continuance to procure Frye as a witness, and for failing to object to the legality of the search after being advised the police officers did not knock and announce prior to entering and executed the search before 6 a.m. Following an evidentiary hearing, the trial court denied Rule 37 relief. In doing so, the trial court noted Smith's inability to demonstrate how he was prejudiced by any behavior of his trial attorney. The trial court's ruling was affirmed by the Arkansas Supreme Court.

In order to prove ineffective assistance of counsel, petitioner must prove that (l) his attorney's actions were unreasonable when viewed in the totality of the circumstances; and (2) he was prejudiced because there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 688 (l983); *Ryder v. Morris*, 752 F.2d 327, 33l (8th Cir. l985). The petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *Kellogg v. Scurr*, 74l F.2d l099, ll0l (8th Cir. l984); *Bell v. Lockhart*, 74l F.2d ll05, ll06 (8th Cir. l984). This presumption is created to "eliminate the distorting effects of hindsight," and recognizes that "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689; *Ryder*, 752 F.2d at 33l.

Smith's reference to the five claims enumerated in his petition is an attempt to aggregate numerous allegations into one prevailing claim. However, the five claims raised in this petition and the three claims raised in his Rule 37 proceeding all fall prey to the same problem – Smith cannot show a reasonable probability the result of the trial would have been different but for his attorney's acts or omissions. The trial transcript reflects Smith possessed cocaine and marijuana

when his apartment and vehicles were searched on February 2, 2007.  Trial counsel tried to impeach the prosecution's witnesses regarding Smith's use and control of the Buick.  Smith's attorney called Lafaydra Conway, who testified Smith fathered two children with her.  She also stated she did not see cocaine at Smith's apartment, and that she and Smith reached an agreement that he would not smoke marijuana when the children were in the apartment.  Finally, she testified that cash ($900) found at Smith's apartment was hers, the result of an early federal income tax refund.  (Tr. 348-349).  Smith did not testify[5].  Smith's trial attorney, who had practiced in criminal defense work for twenty-six years, faced a difficult challenge.  He vigorously challenged the search warrant and its execution.  He cross examined the police officers, stressing their decision not to seek fingerprint evidence, and was successful in getting one officer to state that he "assumed" Smith owned the Buick.  (Tr. 258).  The small victories of trial counsel were overshadowed by the strong evidence showing Smith possessed both the marijuana and the cocaine.  We find no error in the acts or omissions of trial counsel.  Even if we were to assume Smith's attorney erred, Smith falls far short of showing a particular error of his attorney changed the result of the trial.  There is no merit to the claim that Smith received ineffective assistance of counsel.

      **Conclusion:** For the foregoing reasons, we recommend the petition for writ of habeas corpus be dismissed and the relief requested be denied because all claims are without merit.

      Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

---

[5] At the sentencing phase, evidence of Smith's twelve prior felony convictions was introduced, which may have influenced Smith's decision not to testify. (Tr. 364).

IT IS SO ORDERED this 5th day of January, 2015.

                                                                              UNITED STATES MAGISTRATE JUDGE